[No. 2371. Decided November 10, 1896.]

## W. S. ROGERS, *Administrator, Respondent,* v. PAUL J. STROBACH, *Executor, Appellant.*

WILLS — CONSTRUCTION — RIGHTS OF LEGATEE'S ADMINISTRATOR.

A will bequeathing to each of the testator's two children one-half of all the moneys that may be realized from the sale of all his real and personal property, to be paid to them on their attaining the age of twenty-one years respectively, is a devise to the children and not to the executor, though the will may further provide that all the property is devised to an executor, in trust, with power to sell same and invest the proceeds in securities, until the children attain their majority, when principal and interest is to be paid over to them.

Upon the death of one of the devisees under such will before having attained his majority, the administrator of his estate is entitled to demand and receive his portion from the executor.

Appeal from Superior Court, Spokane County.— Hon. NORMAN BUCK, Judge. Affirmed.

*Adolph Munter,* for appellant.

*R. E. Porterfield,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—Upon a petition filed in the matter of the estate of William I. Dehning in behalf of the administrator of the estate of Heinrich Dehning an order was made by the superior court of Spokane county directing the executor of the estate of William I. Dehning to deliver to said administrator a certain portion of said estate, which it was alleged had been devised to said Heinrich Dehning in his lifetime and had passed to his administrator upon his death. From this order the executor of the estate of William I. Dehning has prosecuted this appeal.

Two reasons are suggested why the order should be reversed.   First, that no notice was given of the hearing of the petition upon which it was founded, and second, that under the will of William I. Dehning no part of his estate passed to Heinrich Dehning during his lifetime.   The record does not bear out the alleged fact upon which the first claim is founded.   It not only does not appear that no notice was given, but it affirmatively appears that the notice required by the statute was given, and that, if it was not, no objection on that account was interposed to the hearing of the petition in the court below.

The second ground of reversal is founded upon the claim that under the will of William I. Dehning all his property passed to his executor, to be by him paid to the children therein named when they reached the age of twenty-one years, and that Heinrich Dehning having died before he reached that age, nothing passed under the will to his representatives; that thereunder the other child became entitled to the entire estate when he should reach the age of twenty-one.

There is much discussion as to who were, under the laws of Montana, the heirs of Heinrich Dehning, but

that entire discussion is foreign to the issues presented. A duly appointed administrator of his estate was in court, and if the executor of the estate of his father had any property to which his estate was entitled, such administrator was entitled to its possession, and the question as to whom it would descend to must be determined in the course of the administration of his estate. The provisions of the will, which it is necessary to interpret, are in the following language:

" I.    I bequeath to each of my children, Heinrich Dehning and Louis Dehning, one-half of all the monies that may be realized from the sale of all my personal and real property of whatsoever kind, the money to be paid to them respectively when they obtain the age of twenty-one.

II.    I give and devise all my personal and real property of whatsoever kind and nature to Paul J. Strobach, in trust, for the execution of my will, with power to sell and dispose of the same at public or private sale at such times and upon such terms and in such manner as to him shall seem meet.

III.    I direct the said Paul J. Strobach, whom I hereby appoint executor of this my last will, to invest all monies received by him as said executor, after paying all the expenses of my last sickness and of the funeral expenses, in mortgage or other interest bearing securities, as he may deem best, and to pay over to my said children, Heinrich Dehning and Louis Dehning, on their respectively arriving at the age of twenty-one years, one-half to each of all monies principal and interest then held by him as executor."

And thereunder it must be held that the devise was to the children and each of them, and not to the executor. If it had been the intent of the testator to devise to his executor for the use of his children and not to make any direct devise to them, the clause first above set out would have been entirely unnecessary. But that clause was not only inserted, but was given such

form as to clearly show an intention to devise the property directly to the children therein named, and this being so, the provision as to the duty of the executor in reference thereto set out in the last paragraph could not take away its effect.

Under the will, the right to half of. the property passed to Heinrich Dehning, and upon his death became part of his estate, and the administrator thereof was entitled to its possession.

The judgment appealed from will be affirmed.

GORDON, DUNBAR, SCOTT and ANDERS, JJ., concur.